IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KENNETH EPPS, | ) | Civil Action No.  4:06-cv-02561-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AND |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JOHN BATTISTE AND | ) | |
| DAVID BRAYBOY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>MOTIONS TO AMEND</u>

On February 28, 2006, and March 27, 2007, plaintiff filed motions to amend his amended complaint (documents #27 and #33) subsequent to filing his motion for summary judgment and defendants filing their motion for summary judgment. Plaintiff did not attach a copy of the proposed amended complaint but asserted in his motion that he wanted to amend his pleadings against the current defendants to bring about allegations of cruel and unusual punishment. Defendants filed a response in opposition asserting that plaintiff seeks to add claims wholly unrelated to those in his complaint and/or amended complaint, both plaintiff and defendants have filed motions for summary judgment, the scheduling order dictates discovery ended on December 23, 2006, and that the claims would fail as a matter of law because plaintiff has failed to exhaust his administrative remedies prior to filing the amendment as required by the PLRA.

Plaintiff's motions to amend his amended complaint (documents # 27 and #33) are denied in that he has failed to show that he exhausted his administrative remedies with respect to the

allegations he wishes to raise against these defendants and, therefore, the amendment would be futile.

IT IS SO ORDERED.

# I.  PROCEDURAL BACKGROUND

The plaintiff, Kenneth Epps, ("plaintiff/Epps"),  filed this action[1] on September 15, 2006, pursuant to 42 U.S.C. §1983. Plaintiff filed an Amended Complaint on September 28, 2006. Plaintiff alleges that his constitutional rights were violated by defendants due to medical indifference and conditions of confinement. On January 24, 2007, plaintiff filed a motion for summary judgment. (Document # 22). Defendants responded to plaintiff's motion for summary judgment on February 7, 2007. On January 31, 2007, defendants filed a motion for summary judgment with a memorandum and affidavit in support of that motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Document #23). Because the plaintiff is proceeding pro se, he was advised on or about February 1, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint.  The plaintiff has failed to file a response.

# II.  DISCUSSION

## A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

2

The plaintiff alleges defendants violated his constitutional rights in several respects. Plaintiff alleges medical indifference in that it took too long to see a doctor about a hand injury which caused his hand to never be the same and that his medication is not doing him any good. He alleges violations due to conditions of confinement as follows: backed up sewage makes him feel sick to his stomach; he has to pay to see a doctor or nurse; a fight broke out and the security cameras were down; his mail is being tampered with; and, he unable to make legal copies. Plaintiff seeks $300,000.00 from the defendants.

## B.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleading is appropriate.  Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed. R. Civ. P.

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.  Id.  While the court is to afford liberal consideration to a complaint filed by a pro se plaintiff, it is not required to ignore a clear failure of proof with respect to any question of fact.  To the contrary, " 'the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no genuine issue of material fact.' " Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Moreover, "once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am. , 977 F.2d 872, 874-75 (4th Cir. 1992). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry Inc., 877 F. Supp. 1002, 1005 (E.D.Va. 1995). Rather, the non-moving party is required to submit evidence of specific facts by way of affidavits [see Fed. R. Civ. P. 56(e)], depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, citing Celotex Corp., supra. Moreover, the non-movant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corporation, 12 F.3d 1310, 1316 (4th Cir. 1993) and DeLeon v. St. Joseph Hospital, Inc., 871 F.2d 1229, 1233 (4th Cir. 1989), n.7. Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987), and Evans v. Technologies

4

Applications & Services Co., 875 F. Supp. 1115 (D.Md. 1995).

### 1. Defendants' affidavit

Defendants attached the affidavit of John Battiste ("Battiste") who attests that he is employed at Williamsburg County Detention Center (WCDC) as the Administrator and was employed at such times referred to in the complaint and amended complaint in this action. Battiste avers that a review of plaintiff's inmate file indicates that he never filed the grievances he attached to his complaint. Further, Battiste attests that "The handwriting on the grievances [attached to the complaint] is not his handwriting, but rather the grievances appear to have been written by an inmate Barr, who is a self-proclaimed "jailhouse lawyer" and who has filed several lawsuits against me and my staff. Finally, the language contained in each grievance appears to be the same or similar, indicating that he actually wrote them on the same date, but then dated them differently in an effort to bolster his claims." (Affidavit of Battiste). Battiste attests that plaintiff has not filed a grievance concerning: (a) improper medical attention; (b) any problem (medical or otherwise) plaintiff has had pertaining to backed up sewage; (c) his having to pay for nurse visits, which is a uniform rule applicable to all inmates housed at WCDC; (d) his inability to make copies of certain legal documents; (e) any concerns he has had regarding safety or broken cameras, although he has instigated fights before in the facility; and (f) any concerns he has regarding not receiving mail. Battiste further attests that plaintiff has turned in numerous grievances concerning his bond and being able to go to court to have bond set and/or reduced and that he has responded to plaintiff's grievances concerning same. Battiste avers that his responses were dated January 13, 2006; June 21, 2006; and June 26, 2006 (3 grievances). Battiste also states that he forwarded a letter to Judge Cooper on June 16, 2006,

5

indicating that plaintiff was one of several inmates who had requested their bonds be set or to have their bonds reduced. Battiste attests that he has not received any notice that plaintiff appealed any of his determinations with reference to his grievances pertaining to bond. (Battiste's affidavit dated January 26, 2007).

## C. ANALYSIS

The undersigned has reviewed the arguments, case law cited, and the exhibits presented and concludes that the defendants are correct that the plaintiff failed to exhaust his administrative remedies. On February 26, 2002, the United States Supreme Court held that the Prison Litigation Reform Act (PLRA) requires exhaustion of administrative remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, supra. In the recent United States Supreme Court case, Woodford v. NGO, --- U.S.---- , 126 S. Ct. 2378, 2386, 165 L.Ed.2d 268 (2006), the Court held that the PLRA exhaustion requirement requires proper exhaustion. Within the decision, the Court stated that "Administrative law requires proper exhaustion of administrative remedies which 'means using all steps that the agency holds out, and doing so properly.' *Pozo v. McCaughtry*, 286 F.3d 1022, 1024." Id.  Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including Section 1983, Woodford v. Ngo, supra.

In this action, plaintiff has failed to present evidence that he actually filed any grievance concerning allegations of medical indifference and conditions of confinement. The only grievances that appear to have been filed were those concerning bond which Battiste attests were filed and ruled upon by him but were not appealed. Even assuming, *arguendo*, all of the grievances were initially

6

filed, plaintiff still has not exhausted because he did not appeal the decisions.[2] Therefore, the undersigned recommends that summary judgment be granted in favor of the defendants.

Plaintiff filed a motion for summary judgment to which the defendants filed a response in opposition. Based on the above reasoning, it is recommended that plaintiff's motion for summary judgment be denied.

Plaintiff also filed a document entitled "motion for writ of mandamus" (document #34) in which he requests that the court be ordered to rule upon his motions. Based on the above, it is recommended that this motion for writ of mandamus and any other outstanding motions be deemed moot.

### III.  CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that the defendants' motion for summary judgement be GRANTED (document #23) and plaintiff's motion for summary judgment (document #22) be DENIED.

It is further RECOMMENDED that plaintiff's "motion for Writ of Mandamus" (document #34) be deemed MOOT.

Further, it is ORDERED that plaintiff's motions to amend his amended complaint (documents #27 and #33) are DENIED.

---

[2] The PLRA's strict exhaustion requirement does indeed apply in actions brought by pretrial detainees, Tate v. Anderson, 2007 WL 28982 (D.S.C. 2007) *citing* United States v. Al-Marri, 239 F.Supp.2d 366, 367-68 (S.D.N.Y.2002) (holding pretrial detainee required to exhaust administrative remedies under PLRA before filing suit),

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 14, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**