IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth Epps, | ) | |
| | ) | C/A No. 4:06-CV-2561-MBS-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND** |
| | ) | **O R D E R** |
| John Battiste and David Bribe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kenneth Epps is a pretrial detainee housed at Williamsburg County Detention Center. Plaintiff brings the captioned action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of conditions of his detention. On January 24, 2007, Plaintiff filed a motion for summary judgment. Defendants filed a response to Plaintiff's motion on February 7, 2007. On January 31, 2007, Defendants filed a motion for summary judgment. By order filed February 1, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed no response to Defendants' motion for summary judgment. On March 27, 2007, Plaintiff filed a motion for writ of mandamus to compel the Magistrate Judge to rule on pending motions.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on August 14, 2007, recommending that Defendants' motion for summary judgment be granted because Plaintiff has not exhausted his administrative remedies as mandated by 42 U.S.C. § 1997e(a). The Magistrate Judge

further recommended that Plaintiff's motions for summary judgment be denied and writ of mandamus be denied.  On August 23, 2007, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation ("Plaintiff's Objections).[1]

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

---

[1] There is a notation on the docket for this matter showing Plaintiff filed objections on both August 23, 2007 (Entry No. 43) and August 24, 2007 (Entry No. 44).  The document described as objections filed on August 24, 2007 is the exact same document as Plaintiff's Motion for Summary Judgment filed on January 24, 2007 (Entry No. 22).  It is unclear whether the Plaintiff filed his Motion for Summary Judgment twice or if this was a docketing error.  Nonetheless, Plaintiff makes no specific objections in the August 24, 2007 filing and therefore the court need not conduct a *de novo* review of these "objections."  See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).  To the extent Plaintiff reasserts his Motion for Summary Judgment, his motion is denied for the reasons set forth herein.

The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324.

## FACTS

In the complaint (Entry No. 1), the amended complaint (Entry No. 7), and a letter Plaintiff submitted on November 1, 2006 (Entry No. 7), Plaintiff made several claims relating to the conditions of his detention at Williamsburg County Detention Center. Plaintiff's claims included allegations regarding inadequate medical care; inadequate plumbing systems that caused sewage back ups, which in turn led to conditions negatively effecting Plaintiff's health; flooding and water leakage in one of the buildings of the detention center when it rained; unsafe conditions due to non-functioning security cameras; and failure to grant bond to Plaintiff.

## DISCUSSION

Plaintiff makes three specific objections to the Magistrate Judge's proposed findings and recommendation. First, Plaintiff objects to the Magistrate Judge's recommendation that his claims be dismissed based on his failure to exhaust available administrative remedies. (Plaintiff's Objections at 1.) Plaintiff offers only a generalized assertion that his claim should not be dismissed for failure to exhaust administrative remedies. Plaintiff makes this blanket assertion without providing any specific facts that show Plaintiff actually has exhausted available administrative

remedies. As such, Plaintiff's first objection is without merit.

Second, Plaintiff asserts that he filed over 40 grievances relating to inadequate medical care and sewage problems. (Plaintiff's Objections at 2.) As the Magistrate Judge noted, even if Plaintiff filed the specific grievances set forth in his complaint and amended complaint, there is no evidence that he filed any appeals regarding these grievances. As such, he has not exhausted his administrative remedies relating to the medical and sewage related grievances.

Third, Plaintiff claims he sent Defendant Battiste a notice that he appealed the decisions on his grievances relating to his bond. (Plaintiff's Objections at 2.) Plaintiff has not submitted any specific facts to support his assertion that he filed an appeal of Defendant Battiste's decisions regarding his bond related grievances. In fact, Plaintiff makes this assertion for the first time in his objections to the Report and Recommendation. On a motion for summary judgment, once the moving party has demonstrated that there is no genuine issue of material fact, the non-moving party may not rest on its allegations but rather must present specific, material facts that give rise to a genuine issue. Celotex Corp., 477 U.S. at 324. Defendants have submitted an affidavit stating that Defendant Battiste has not received any notice of appeal regarding these grievances from the Administrative Law Division. (Defendant's Mot. for Summ. J. Ex. 1 (John Battiste Aff. ¶ 13).) Plaintiff may not rest on his uncorroborated assertion that he filed an appeal on his bond related grievances to prove that he actually exhausted his administrative remedies. As such, Plaintiff's claims about his bond related grievances should be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

After thorough review of the Magistrate Judge's Report and Recommendation, the Plaintiff's

Objections, the record in its entirety and the applicable law, the court concurs with the Magistrate

Judge's Report and Recommendation for reasons stated herein.  Accordingly, Plaintiff's claims are

dismissed without prejudice for failure to exhaust and Plaintiff's motion for writ of mandamus

(Entry 34) is deemed moot.

On August 23, 2007, after the Magistrate Judge issued his Report and Recommendation,

Plaintiff filed a third motion to amend the amended complaint (Entry No. 41) and a motion to

compel[2] (Entry No. 42).  It is further ordered, that Plaintiff's third motion to amend the amended

complaint and Plaintiff's motion to compel are denied.


**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
September 19, 2007.


## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[2] It is not clear what the Plaintiff is requesting by this motion.  The court notes that the first document in this entry is nearly identical to Plaintiff's Motion for Writ of Mandamus (Entry No. 34) filed on March 27, 2007.  The second document in this entry is a request for production of documents dated November 23, 2006.  Whether this is a motion for writ of mandamus or a motion to compel discovery, the motion is denied as moot.